HOLLINGWORTH and another, Appellants, vs. SHANNON and another, Respondents.

*March 6—April 3, 1918.*

*Pleading: Striking out immaterial matter: Attorney and client: Reasonableness of fee charged: Evidence: Relevancy: Trial: Setting aside verdict.*

1. In an action to recover a part of the amount charged and retained by attorneys for services in connection with a land contract, the plaintiffs having ratified the settlement made by defendants, pursuant to which a warranty deed was given to the purchaser upon payment of the sum due, and the only question at issue being whether defendants' charges were unreasonable, it was not error to strike from the complaint an allegation that defendants had induced plaintiffs to sign the warranty deed when they thought they were signing a different instrument.

2. In an action involving only the question of the value of defendants' services as attorneys for the vendors in a land contract, it was not error to exclude a letter from the vendee's agent purporting to show that he was ready to pay the amount due, where such letter had not been brought to the attention of the defendants.

3. Upon the evidence in this case the trial court was justified in setting aside a verdict to the effect that $325 was an excessive charge for the services of attorneys in collecting $6,512.50 due on a land contract.

APPEAL from a judgment of the circuit court for Waukesha county: E. T. FAIRCHILD, Judge. *Affirmed.*

This is an appeal from a judgment dismissing the plaintiffs' complaint, and also from two intermediate orders, the first order striking out part of the plaintiffs' complaint and the second setting aside a general verdict of the jury.

The complaint alleges in substance that the defendants were employed as attorneys to foreclose a land contract and to recover back plaintiffs' farm freed from the lien of said contract and to take such proceedings as might be necessary to cancel and satisfy of record said land contract, and for such services plaintiffs agreed to pay defendants such sum as would fairly compensate them for their services and expenses; that plaintiffs relied upon defendants to take such action as would best subserve and protect their rights. The answer, among other things, alleges that the defendants were employed to foreclose the land contract and recover the plaintiffs' farm or to recover in full the amount due upon said land contract, and denies that plaintiffs employed defendants for any other purpose than to foreclose upon said land contract.

The defendants collected $6,512.50, and, after paying $1,050 incumbrances due on the property held under the land contract, deducted $325 for their services and $5.16 expenses incurred, and paid over to plaintiffs the balance, $5,132.34.

The appellants, claiming that the charges of the defendants for services were excessive, commenced an action to recover a portion thereof. The action was tried to the court

and a jury, and the jury returned a verdict in favor of the plaintiffs in the sum of $100. The court below set aside this verdict and dismissed the plaintiffs' complaint.

For the appellants there was a brief by *Tullar & Tullar* of Waukesha, and oral argument by *D. S. Tullar*.

For the respondents there was a brief by *Doe, Ballhorn & Doe* of Milwaukee, and oral argument by *Joseph B. Doe* and by *A. D. Shannon* of Oconomowoc, *in pro. per.*

KERWIN, J. 1. It is first insisted that the court erred in striking out the portion of the fourth paragraph of the complaint which alleges in substance that the defendants caused and procured the plaintiffs to execute and sign a document which plaintiffs were informed and believed was a necessary paper or document to be signed and executed by them in order to procure the release and satisfaction of the land contract, and that the same was executed by plaintiffs and delivered to defendants for no other purpose; "that, as said plaintiffs are now informed and believe, the paper or document so signed and executed by them as aforesaid was a warranty deed of their farm running to said Samuel Bowey." It is plain from the record that this deed was signed, executed, and delivered to Bowey upon payment by him of the amount due upon the land contract. This allegation was wholly immaterial in the instant case and there was no error in striking it out. The plaintiffs accepted the settlement made by the defendants, received the money, and ratified the execution of the deed. The allegation, therefore, had no relevancy to the defendants' claim to recover compensation for their services. The only question at issue in the case was whether the defendants charged more than was reasonable for their services.

2. Error is also assigned on the reception and exclusion of evidence. Upon the trial the court refused to admit a letter from one Henry Loibl, agent of Bowey, dated November 6,

1916, purporting to show that Bowey was ready to pay plaintiffs the amount due on their land contract. This letter was objected to, and objection sustained on the ground that it was not shown to have been brought to the attention of defendants. The court also refused to allow plaintiffs' original demand on defendants, written by plaintiffs, to be received in evidence. This demand was for an adjustment of the moneys held by the defendants. Also the overruling of an objection of counsel for plaintiffs to a hypothetical question put by counsel for defendants.

We find no prejudicial error under this head. Moreover the errors under assignments 1 and 2, before mentioned, do not seem to be relied upon by counsel for plaintiffs. They say in their brief, the "foregoing assignments of error numbered 1 and 2 are not presented or argued upon the theory of a mistrial nor for the purpose of a new trial of the action, but simply to show the trial court's misconception or misinterpretation of plaintiffs' cause of action, and which finally culminated in the order for and judgment setting aside the general verdict of the jury and for costs in favor of defendants."

3. The main question involved in this case comes under the third assignment, which raises the question whether the issues presented were for the jury, and whether the court below was justified in setting aside the verdict and dismissing the complaint.

It is contended on the part of the appellants that the court below erred in setting aside the verdict for the reason that there was ample evidence to support it; while on the part of the respondents it is insisted that upon the undisputed evidence they were entitled to the amount charged for services and disbursements, hence that no case was made by appellants for the recovery of any sum.

The evidence appears to be practically undisputed that the defendants performed the services they were employed to

perform and that the time spent in such performance at the regular fees for such services, according to the undisputed evidence, would entitle them to the sum of $325 for such services and $5.16 for expenses, making in all $330.16. True, most of the evidence on the part of defendants as to the value of their services was expert evidence, but it is substantially undisputed, and in view of the character of the case and the fact that the amount charged was not more than a reasonable collection fee for the amount collected and paid over to the plaintiffs we do not feel that we ought to disturb the finding of the court below, as we cannot say that it was clearly wrong. In making the order for judgment dismissing the complaint the court below said:

"The court having taken the matter under advisement and having fully considered the briefs submitted and examined the testimony taken upon the trial, and it appearing that the undisputed evidence of the witnesses upon both sides shows conclusively that the defendants made no excessive charge to plaintiffs, as alleged in the complaint, and that plaintiffs are not entitled to recover in this action, . . ."

We find no prejudicial error in the record and think the judgment should be affirmed.

*By the Court.*—The judgment is affirmed.